UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| INDIANA FARMERS MUTUAL INSURANCE COMPANY as Subrogee of Rob Jones and Michelle Jones, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:19-cv-00016-TLS-SLC |
| vs. | ) ) ) | |
| GREE USA, INC. MJC AMERICA, LTD. D/B/A SOLEUS INTERNATIONAL, INC. | ) ) ) ) | |

Defendants.

## GREE USA, INC.'s RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS OR THINGS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant GREE USA, INC., by and through its attorneys, responds to Plaintiff's First Request for Production of Documents or Things as follows:

Defendant repeats and reasserts the objections contained in Gree USA, INC.'s Response To Plaintiff's First Set Of Interrogatories.

## Responses to Plaintiff's Requests

1.     Copies of each of the documents, forms or correspondence identified in response to any Interrogatories served upon you in this matter.

**RESPONSE:  See attached at JONES 000001-000031. Upon entry of a protective order, JONES 000031-003078 will be provided.**

2.     All documents produced in connection with the manufacture, distribution, sale, lease, and/or placing the subject dehumidifier in the stream of commerce. Such documents include, but

are not limited to purchase orders, shipping orders, bills of lading, distribution and sales

contracts and warranties.

**RESPONSE:  Defendant objects to Plaintiffs' definition of the "Subject Dehumidifier" as Plaintiffs' have provided no proof of purchase and have otherwise not established a the "Subject Dehumidifier" is the model defined by that term.  As such, this request is impossible to comply with.**

3.   All documents dealing with or in any way related to the design and manufacture of the

subject dehumidifier. Such documents include, but are not limited to plans, drawings,

specifications, schematics, testing, quality control, and internal company communications

regarding manufacture and design of the subject dehumidifier.

**RESPONSE:  Objection. Gree USA, Inc. does not manufacture or design dehumidifiers and therefore this request is inappropriate for this party.**

4.   All documents relating to inspection of the subject dehumidifier, and any of its component

parts prior to purchase by the consumer.

**RESPONSE:  Objection. Gree USA, Inc. does not manufacture or design dehumidifiers and therefore this request is inappropriate for this party.**

5.   All exhibits that you intend to use or may use at the trial of this matter.

**RESPONSE: None at this time. Discovery is ongoing and investigation continues.  To the extent that this request includes expert materials, such materials will be provided pursuant to the Federal Rules of Civil Procedure.  This answer will be supplemented at the conclusion of discovery.**

6.   Any statement of the Plaintiff, Plaintiff's insured, or any individual identified in your

answers to interrogatories, including but not limited to, any written statement whether signed or

unsigned, stenographic statement, mechanically or electronically recorded statement, or any

other recorded statement, and a transcript of said statement pertaining or relating to any matter in

this lawsuit.

**RESPONSE: None at this time. Discovery is ongoing and investigation continues. This answer will be supplemented at the conclusion of discovery.**

7.  Any statement of any Defendant or representative of any Defendant in this cause, including

but not limited to, any written statement whether signed or unsigned, stenographic statement,

mechanically or electronically recorded statement, or any other recorded statement, and a

transcript of said statement pertaining or relating to any matter in this lawsuit.

**RESPONSE: None at this time. Discovery is ongoing and investigation continues. This answer will be supplemented at the conclusion of discovery.**

8.  All reports, notes, memoranda, photos or any other documents relating to the subject loss and

inspection of the subject product.

**RESPONSE: None at this time. To the extent this request seeks expert materials, such materials will be provided under separate cover pursuant to the FRCP. Discovery is ongoing and investigation continues. This answer will be supplemented at the conclusion of discovery.**

9.  All documents related to the sale, service, or maintenance of the subject dehumidifier.

**RESPONSE: Objection. Plaintiff has not provided any indication of proof of purchase and therefore this request cannot be fulfilled. Please see owner's manual for the alleged model dehumidifier, attach hereto at JONES 000001-000008.**

10.  All documents describing or related to the process involved in the manufacture of

dehumidifiers with the same or similar design and/or common components of the subject

dehumidifier.

**RESPONSE: Objection. Gree USA, Inc. does not manufacture or design dehumidifiers. This request is seeking information regarding models and makes of dehumidifiers that are different than the subject dehumidifier. As such, this request is not proportional to the needs of this case, a single subrogation action involving a single fire and a single dehumidifier. Requests involving other dehumidifiers is inappropriate and beyond the scope of this matter.**

11.  All documents related to any investigations that were performed by or on behalf of Gree

USA Inc. into any report, claim, or complaint, including experimental studies, reports to the

Consumer Product Safety Commission, testing, and safety inspections or any other investigation,

external or internal, into dehumidifiers manufactured or distributed by Gree USA, Inc.

**RESPONSE:   Objection. Gree USA, Inc. does not manufacture or design dehumidifiers. Please see recall notices attached at JONES 000009-000031.  Upon the entry of a protective order, communications with CPSC (JONES 000032-002765), reports of independent and internal testing (JONES 002766-003057) documents pertaining to the recall (JONES 003058-003071) and consumer complaints (JONES 003076-3078) will be produced.**

12.     Any and all memoranda, complaints, reports or other documents that concern, refer or

relate to any other incidents involving overheating, smoke or fire damage caused by

dehumidifiers manufactured or distributed by Gree USA, Inc. This includes, but is not limited to:

       a.    The identification of all claims, including cases in litigation, involving overheating, smoke or fire damage allegedly caused by dehumidifiers manufactured or distributed by Gree U.S.A., Inc., along with the production of all documents that concern, refer or relate to these claims and cases; and

       b.    All incidents, without restriction to Gree USA, Inc., involving warranty claims;

       c.    All Consumer Product Safety Commission reports, notes, memoranda, photos, and correspondence.

       d.    Any and all consulting expert reports, expert reports, correspondence, memoranda, and/or deposition transcripts relating to any expert retained by Gree USA, Inc., in any case where similar allegations to those in this case were made.

**RESPONSE:  Objection.  This is a compound interrogatory and is inappropriate in its present state.  Additionally, the scope of this interrogatory is not proportional to the needs of the case.  This interrogatory requests information about every Gree dehumidifier ever distributed.  There are over 50 different models of dehumidifiers distributed by Gree USA. To provide information regarding each of those models would be overly burdensome and would not be important to the issues presented in this case. Furthermore, the information requested includes information about other claims that are unrelated to this case, which would be wholly inappropriate for this subrogation matter involving a single dehumidifier allegedly causing a single fire.  Please see recall notices attached at JONES 000009-000031. Upon the entry of a protective order, communications with CPSC (JONES 000032-002765), reports of independent and internal testing (JONES 002766-003057) documents pertaining to the recall (JONES 003058-003071) and consumer complaints (JONES 003076-3078) will be produced.**

13.  Any and all documents or things given to or received from Plaintiff regarding, referring or pertaining to the incident or the Plaintiff's damages, which have not been previously given by you to, or were not received from, the Plaintiff's counsel appearing in this cause.

**RESPONSE: Objection. This request is confusing and in its present state cannot be answered.  To the extent that a response is required: None.**

14.  Any and all documents or things you have given to or received from any person who will, or may reasonably be anticipated to, be a witness at the trial of this case who will or may testify as to the incident, the Plaintiff's damages or any of your affirmative defenses.

**RESPONSE: Objection. To the extent that this requests expert discovery, such materials will be provided under separate cover pursuant to the FRCP.  To the extent that this request seeks privileged material, such material is not discoverable and will not be provided.**

15.  Copies of all photographs, drawings, diagrams, slides, video tapes, films or other forms of pictorial representation of parties, places, or objects relevant to this litigation.

**RESPONSE: Objection.  This request is reasonably tailored and is beyond the scope of discovery.  This request is not proportional to the needs of the case, as it is boundless in it its scope.  To the extent that this requests expert discovery, such materials will be provided under separate cover pursuant to the FRCP.  Otherwise, there are no responsive materials in Defendant's possession.  Discovery is ongoing and investigation continues.  This response may be supplemented.**

16.   All blueprints, reports, records, memoranda or other documents that evidence, set forth, or otherwise relate to the design and manufacture of the subject dehumidifier.

**RESPONSE:  Gree USA, Inc. does not design or manufacture dehumidifiers.**

17.   All warranties, guarantees or other representation in printed form relating to the product.

**RESPONSE:  Please see attached user's manual for the alleged model dehumidifier at JONES 000001-000008.**

18.     Any testing and results of that testing which relate to dehumidifiers manufactured or

distributed by Defendant, Gree USA, Inc.

**RESPONSE:  Objection.  Gree USA, Inc. does not manufacture dehumidifiers.  This requests seeks materials and information regarding every single dehumidifier distributed by Gree USA.  Gree USA, Inc. distributes over 50 model dehumidifiers.  To provided such extensive discovery would be overly burdensome and would not be proportional to the needs of this case.  In addition, testing and results of all of the dehumidifiers distributed by Gree USA, Inc. would not be important to the issues in this case.  This is a single subrogation action, relating to a single fire.  This request is grossly disproportionate to the size of this claim, and thus should be denied. Upon the entry of a protective order, reports of independent and internal testing (JONES 002766-003057) will be produced.**

19.     All Quality Control Standards relating to dehumidifiers manufactured or distributed by

Gree USA, Inc.

**RESPONSE: Objection. Gree USA, Inc. does not manufacture dehumidifiers.  This requests seeks materials and information regarding every single dehumidifier distributed by Gree USA, Inc. Gree USA, Inc. distributes over 50 model dehumidifiers.  To provided such extensive discovery would be overly burdensome and would not be proportional to the needs of this case.  In addition, Quality and Control Standards of all of the dehumidifiers distributed by Gree USA, Inc. would not be important to the issues in this case.  This is a single subrogation action, relating to a single fire.  This request is grossly disproportionate to the size of this claim, and thus should be denied. Upon the entry of a protective order, reports of independent and internal testing (JONES 002766-003057) will be produced.**

20.     All advertisements relating to dehumidifiers manufactured or distributed by Gree USA,

Inc.

**RESPONSE:  Objection. Gree USA, Inc. does not manufacture dehumidifiers.  This requests seeks materials and information regarding every single dehumidifier distributed by Gree USA.  Gree USA, Inc. distributes over 50 model dehumidifiers.  To provided such extensive discovery would be overly burdensome and would not be proportional to the needs of this case.  In addition, advertising for all of the dehumidifiers distributed by Gree USA, Inc. would not be important to the issues in this case.  This is a single subrogation action, relating to a single fire.  This request is grossly disproportionate to the size of this claim, and thus should be denied.**

21.     Any owner's manual, service or maintenance manual, instruction, warning and training

material for the subject dehumidifier.

**RESPONSE: See attached user's manual for the alleged model dehumidifier at JONES 000001-8.**

22.     All marketing studies relevant to dehumidifiers manufactured or distributed by Gree

USA, Inc.

**RESPONSE: Objection. Gree USA, Inc. does not manufacture dehumidifiers. This requests seeks materials and information regarding every single dehumidifier distributed by Gree USA. Gree USA, Inc. distributes over 50 model dehumidifiers. To provided such extensive discovery would be overly burdensome and would not be proportional to the needs of this case. In addition, marketing studies for all of the dehumidifiers distributed by Gree USA, Inc. would not be important to the issues in this case. This is a single subrogation action, relating to a single fire. This request is grossly disproportionate to the size of this claim, and thus should be denied.**

23.     All memoranda, complaints, report or other document concerning problems experienced

with dehumidifiers manufactured or distributed by Gree USA, Inc., attempts by Defendant to

identify alleged problems with the product or efforts by Defendant to solve problems with the

product, including but not limited to meetings, telephone calls or other correspondence. This

request includes, but is not limited to, those products with the same or similar design and/or

common components of the subject dehumidifier.

**RESPONSE: Objection. This is a subrogation action in which an insurance company is seeking proceeds it paid out as a result of a fire allegedly caused by single, as yet unidentified, dehumidifier. To provide information for over 50 dehumidifier models, which are not the subject dehumidifier, is not proportional to the needs of the case, and is a great and unnecessary burden that would not lead to information important to the issues of the case. Please see recall notices attached at JONES 000009-31. Upon the entry of a protective order, communications with CPSC (JONES 000032-002765), reports of independent and internal testing (JONES 002766-003057) documents pertaining to the recall (JONES 003058-003071) and consumer complaints (JONES 003076-3078) will be produced.**

24.   All of the documents created prior to the filing of this lawsuit comprising the investigation

and/or claim file, of every insurance company that will or may provide coverage to you on

Plaintiff's claim, regarding the claim made by the Plaintiff, or any other person, as a result of the

incident.  If investigation conducted within your company, provide the in-house claim

investigative file.  Include in your response, but do not limit it to:

a. adjustor's notes and memoranda (with any portion containing reserve information and adjustor's direct opinions as to liability redacted);

b. all internal and/or external memos and/or correspondence (with any portion containing reserve information and adjustor's direct opinions as to liability redacted);

c. all property damage estimates, repair vouchers and/or checks;

d. all statements (regardless whether oral, written, typed or transcribed) and statement summaries (other than of you);

e. all incident or loss reports (with any portion containing reserve information and adjustor's direct opinions as to liability redacted);

f. subrogation or reimbursement payments and/or notices;

g. all file folders including all notations thereon (with any portion containing reserve information and adjustor's direct opinions as to liability redacted); and,

h. all reports, photographs, investigative materials, and/or diagrams.

**RESPONSE: Objection.  This is a compound interrogatory and is inappropriate in its present state.  Additionally, the scope of this interrogatory is not proportional to the needs of the case.  To the extent that a response is required, there are no documents at this time. Discovery is ongoing, and this response maybe supplemented through the close of discovery.**

25.    Curriculum vitae and all reports (including but not limited to rough draft, preliminary,

supplemental, and final reports) prepared by any expert expected to testify on behalf of the

Defendant at the trial of this matter.

**RESPONSE: To the extent that this requests expert discovery, such materials will be provided under separate cover pursuant to the FRCP.**

26.    All reports, records, documentation, data, invoices, bills, and all other materials reviewed,

relied upon, utilized, produced, or generated by any expert expected to testify on behalf of the

Defendant at the trial of this matter.

**RESPONSE: To the extent that this requests expert discovery, such materials will be provided under separate cover pursuant to the FRCP.**

Dated: 7/23/19

Schwarz Law Office, PC

By: */s/ John J. Schwarz, II*
John J. Schwarz, II
Attorneys for Defendants GREE USA INC. & MJC
America, LTD.
Schwarz Law Office, PC
5825 S.  1025 E.
Hudson. IN 46747
P: 260-351-4440
F: 260-351-2900

CERTIFICATION OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein on July 23, 2019, via e-mail as follows:

Michelle A. Cobourn-Baurley
Michelle.A.Cobourn-Baurley@msth.com

ATTORNEYS FOR PLAINTIFF

By _/s/ John J. Schwarz, II_

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

INDIANA FARMERS MUTUAL          )
INSURANCE COMPANY as Subrogee   )
of Rob Jones and Michelle Jones,  )
                                )
      Plaintiff,                )      Case No. 1:19-cv-00016-TLS-SLC
                                )
vs.                             )
                                )
GREE USA, INC.                  )
MJC AMERICA, LTD. D/B/A SOLEUS  )
INTERNATIONAL, INC.             )
                                )

      Defendants.

## <u>DEFENDANT, GREE USA, INC.'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS</u>

NOW COMES Defendant, GREE USA, INC., by and through its attorneys, Schwarz Law Office, PC, and as and for their Responses to Plaintiffs' Requests for Admissions, states as follows:

## <u>GENERAL OBJECTIONS</u>

1.     Defendant objects to Plaintiffs' Requests to Admit to the extent they relate to matters unrelated to the pending action and/or to parties not named herein.

2.     Defendant objects to Plaintiffs' Requests to Admit to the extent they call for a legal conclusion.

3.     Defendant objects to Plaintiffs' Requests to Admit to the extent they call for expert testimony.

4.      Defendant objects to Plaintiffs' Requests to Admit on grounds they improperly seek admissions for issues known by Plaintiffs to be in dispute.

5.      Defendant objects to Plaintiffs' Requests to Admit to the extent they fail to facilitate proof with respect to issues that cannot be eliminated from the case.

6.      Defendant objects to Plaintiffs' Requests to Admit to the extent they fail no narrow the issues in dispute.

7.      Defendant objects to Plaintiffs' Request to Admit to the extent they are designed not to narrow the issues in dispute, but only to annoy, harass, or embarrass Defendant.

8.      Defendant objects to Plaintiffs' Requests to Admit to the extent that they seek information which is protected by the Attorney-Client Privilege and the Work Product Doctrine.

9.      Defendant objects to Plaintiffs' Requests to Admit to the extent that they seek information which is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Defendant objects to Plaintiffs' Requests to Admit to the extent that they attempt to impose obligations upon Defendant which are greater than those imposed by the Federal Rules of Civil Procedure and the Wisconsin Rules of Civil Procedure.

11.     Defendant objects to Plaintiffs' Requests to Admit to the extent that they are duplicative or seek information which is already in the possession of Plaintiffs.

12.     Defendant objects to Plaintiffs' Requests to Admit to the extent that they seek information that is more readily available to Plaintiffs or from public sources.

13.      Defendant objects to each and every definition and instruction, set forth Plaintiffs' "Definitions and Instructions" on the basis the "Definitions and Instructions" are vague, ambiguous, overbroad, and impose obligations upon this Defendant that exceed those contemplated by Federal Rule 36.

14.      Defendant objects to Plaintiffs' Requests to Admit on the basis the "Definitions and Instructions" are indecipherable and call for legal conclusions.

### Responses to Requests

1.      Gree USA, Inc.is properly identified in the Complaint.

**RESPONSE: Admit.**

2.      Gree USA, Inc. offers products routinely offered for sale to retail consumers in the State of Indiana.

**RESPONSE: Admit.**

3.      Gree USA, Inc. manufactured the subject product.

**RESPONSE: Deny.  Gree USA, Inc. does not manufacture dehumidifiers.**

4.      Gree USA, Inc. is engaged in the business of selling the subject product.

**RESPONSE: Defendant objects to Plaintiffs' definition of the "Subject Product" as Plaintiffs' have provided no proof of purchase and have otherwise not established a the "Subject Product" is the model defined by that term.  Subject to and without waiving these objections, admit that Gree USA distributes dehumidifiers including the model defined in the Subject Product.**

5.      Gree USA, Inc.is engaged in the business of distributing the subject product.

**RESPONSE:  Defendant objects to Plaintiffs' definition of the "Subject Product" as Plaintiffs' have provided no proof of purchase and have otherwise not established a the "Subject Product" is the model defined by that term.  Subject to and without waiving these objections, admit that Gree USA distributes dehumidifiers including the model defined in the Subject Product.**

6.   Gree USA, Inc.is the principal distributor of the subject product.

**RESPONSE: Defendant objects to Plaintiffs' definition of the "Subject Product" as Plaintiffs' have provided no proof of purchase and have otherwise not established a the "Subject Product" is the model defined by that term. Subject to and without waiving these objections, admit that Gree USA distributes dehumidifiers including the model defined in the Subject Product.**

7.   The subject product has the marking "Gree" on it.

**RESPONSE: Admit.**

8.    Plaintiff's insured, Rob Jones and Michelle Jones, were using the subject product

in the manner in which it was intended on or about May 14, 2018.

**RESPONSE: Objection. Defendant objects to this Request because it is beyond the scope of Federal Rule 36, invades the province of the jury, and calls for expert testimony. Further, Defendant objects to this request in that the burden of proof in upon Plaintiffs to show causation related to the subject incident; it is not the Defendant's burden to prove a negative. To the extent that a response is required, deny.**

9.    On May 14, 2018, the property located at 2454 West 700 North, Columbia City,

Indiana was damaged by fire.

**RESPONSE: Admit.**

10.   The origin of the fire for the May 14, 2018 fire loss at 2454 West 700 North,

Columbia City, Indiana was the subject product.

**RESPONSE: Objection. Defendant objects to this Request because it is beyond the scope of Federal Rule 36, invades the province of the jury, and calls for expert testimony. Further, Defendant objects to this request in that the burden of proof in upon Plaintiffs to show causation related to the subject incident; it is not the Defendant's burden to prove a negative. To the extent that a response is required, deny.**

11.   Rob Jones and Michelle Jones did not cause or contribute to the cause of the May

14, 2018 fire loss at the property located at 2454 West 700 North, Columbia City, Indiana.

**RESPONSE: Objection. Defendant objects to this Request because it is beyond the scope of Federal Rule 36, invades the province of the jury, and calls for expert testimony. Further, Defendant objects to this request in that the burden of proof in upon Plaintiffs to show causation related to the subject incident; it is not the Defendant's burden to prove a negative. To the extent that a response is required, deny.**

12.     The property damage caused to the property located at 2454 West 700 North,

Columbia City, Indiana was a direct result of defect of the subject product.

**RESPONSE: Objection. Defendant objects to this Request because it is beyond the scope of Federal Rule 36, invades the province of the jury, and calls for expert testimony. Further, Defendant objects to this request in that the burden of proof in upon Plaintiffs to show causation related to the subject incident; it is not the Defendant's burden to prove a negative. To the extent that a response is required, deny.**

13.     The negligent design of the subject product was the cause of the May 14, 2018

fire.

**RESPONSE: Objection. Gree USA, Inc. does not design dehumidifiers. Defendant objects to this Request because it is beyond the scope of Federal Rule 36, invades the province of the jury, and calls for expert testimony. Further, Defendant objects to this request in that the burden of proof in upon Plaintiffs to show causation related to the subject incident; it is not the Defendant's burden to prove a negative. To the extent that a response is required, deny.**

14.     The negligent manufacture of the subject product was the cause of the May 14,

2018 fire.

**RESPONSE: Objection. Gree USA, Inc. does not manufacture dehumidifiers. Defendant objects to this Request because it is beyond the scope of Federal Rule 36, invades the province of the jury, and calls for expert testimony. Further, Defendant objects to this request in that the burden of proof in upon Plaintiffs to show causation related to the subject incident; it is not the Defendant's burden to prove a negative. To the extent that a response is required, deny.**

15.     Gree Hong Kong (a subsidiary of Gree China) and MJC America, Ltd. formed

Gree USA, Inc. in 2010 for the purpose of marketing, selling, and distributing dehumidifiers

manufactured by Gree China in the United States.

**RESPONSE: Admit.**

16.     Gree USA, Inc. sold and distributed over 2,200,000 dehumidifiers to consumers

throughout the United States, including Indiana, from 2010 to 2013.

**RESPONSE: Admit.**

17.     Gree USA, Inc. falsely represented to retailers and consumers that its

dehumidifiers were certified by Underwriter's Laboratory and that the design and materials used

in the manufacturing of its dehumidifiers complied with UL Standard 474 and Standard 94.

**RESPONSE: Objection. Defendant objects to this Request because it is beyond the scope of Federal Rule 36 and is unrelated to the pending action, in that it requests information related to every dehumidifier distributed by Gree USA.  Additionally, Gree USA, Inc. does not design manufacture or dehumidifiers.  To the extent that a response is required, deny.**

18.     The designs and materials used in the manufacturing of Gree USA, Inc.'s

dehumidifiers did not comply with UL Standard 474 and Standard 94.

**RESPONSE: Objection. Defendant objects to this Request because it is beyond the scope of Federal Rule 36 and is unrelated to the pending action, in that it requests information related to every dehumidifier distributed by Gree USA. Additionally, Gree USA, Inc. does not design manufacture or dehumidifiers.  To the extent that a response is required, deny.**

19.     Gree USA, Inc. has actual knowledge that that hundreds of its dehumidifiers have

overheated and caused fires.

**RESPONSE: Defendant objects to this Request because it is beyond the scope of Federal Rule 36 and unrelated to the pending action.  Further Defendant objects to this Request because it calls for information protected by the Attorney-Client and/or Work Product Privilege.  To the extent that an answer is required, admit that Defendant was aware of complaints from consumers about fires.**

20.     Gree USA, Inc. has actual knowledge that hundreds of its dehumidifiers have overheated and caused fires as a result of manufacturing and design defects within the dehumidifiers.

**RESPONSE: Defendant objects to this Request because it is beyond the scope of Federal Rule 36 and unrelated to the pending action. Further Defendant objects to this Request because it calls for information protected by the Attorney-Client and/or Work Product Privilege. To the extent that an answer is required, admit that Defendant was aware of complaints from consumers about fires.**

21.     In September 2013, the United States Consumer Product Safety Commission (hereinafter "CPSC") announced the recall of the 2,200,000 dehumidifiers sold and distributed by Gree USA, Inc. under the following brand names: Danby, DeLoughgi, Fedders, Fellini, Frigidaire, Gree, Kenmore, Norpole, Premier, Seabreeze, SoleusAir, and SuperClima.

**RESPONSE: Admit.**

22.     Attached as Exhibit "A" is a true and accurate copy of the September 2013 recall notice.

**RESPONSE: Admit.**

23.     In January 2014, the CPSC expanded the September 2013 recall to also include 300,000 GE brand dehumidifiers.

**RESPONSE: Admit.**

24.     The subject product was one of the dehumidifiers included in the CPSC recalls.

**RESPONSE: Defendant objects to Plaintiffs' definition of the "Subject Product" as Plaintiffs' have provided no proof of purchase and have otherwise not established a the "Subject Product" is the model defined by that term. Subject to and without waiving these objections, admit that the model defined in the Subject Product was included in the CPSC Recall.**

25.     The CPSC instituted a civil penalty investigation against Gree China, Gree Hong Kong, and Gree USA, Inc. regarding the dehumidifiers involved in the recalls.

**RESPONSE: Admit.**

26.     In the CPSC's civil penalty investigation, the CPSC alleged that Gree China, Gree Hong Kong, and Gree USA, Inc. a) knowingly failed to report a defect and unreasonable risk of serious injury to the CPSC; b) knowingly made misrepresentations to CPSC staff during its investigation; and c) knowingly sold dehumidifiers bearing the UL safety certification mark knowing that the dehumidifiers did not meet UL flammability standards.

**RESPONSE: Admit.**

27.     Gree USA, Inc. a) knowingly failed to report a defect and unreasonable risk of serious injury to the CPSC; b) knowingly made misrepresentations to CPSC staff during its investigation; and c) knowingly sold dehumidifiers bearing the UL safety certification mark knowing that the dehumidifiers did not meet UL flammability standards.

**RESPONSE: Objection. Defendant objects to this Request because it is beyond the scope of Federal Rule 36, invades the province of the jury, and calls for expert testimony.  Further, Defendant objects to this request in that the burden of proof in upon Plaintiffs to show causation related to the subject incident; it is not the Defendant's burden to prove a negative.  To the extent that a response is required, deny.**

28.     Gree USA, Inc. agreed to pay a civil penalty of $15,450,000 to settle the CPSC's civil penalty investigation.

**RESPONSE: Partially Admit. Gree USA, along with Gree Electric Appliances Inc., of Zhuhai, China; and Hong Kong Gree Electric Appliances Sales Co. Ltd., of Hong Kong agreed to pay a civil penalty to settle the CPSC's civil penalty investigation.**

29.     Gree USA, Inc. has paid the civil penalty of $15,450,000 to settle the CPSC's civil penalty investigation.

**RESPONSE: Partially Admit.** Gree USA, along with Gree Electric Appliances Inc., of
Zhuhai, China; and Hong Kong Gree Electric Appliances Sales Co. Ltd., of Hong Kong
paid a civil penalty to settle the CPSC's civil penalty investigation.

     30.     Gree USA, Inc. provided an express warranty to Rob and Michelle Jones for the

subject product.

**RESPONSE: Defendant objects to Plaintiffs' definition of the "Subject Product" as
Plaintiffs' have provided no proof of purchase and have otherwise not established the
"Subject Product" is the model defined by that term. Subject to and without waiving these
objections, admit that the model defined in the Subject Product did was distributed with an
owner's manual which contained a warranty. Please see a copy of the owner's manual,
attached.**

     31.     Gree USA, Inc. breached the express warranty to Rob and Michelle Jones.

**RESPONSE: Objection. Gree USA, Inc. does not design dehumidifiers. Defendant objects
to this Request because it is beyond the scope of Federal Rule 36, invades the province of
the jury, and calls for expert testimony. Further, Defendant objects to this request in that
the burden of proof in upon Plaintiffs to show causation related to the subject incident; it is
not the Defendant's burden to prove a negative. To the extent that a response is required,
deny.**

     32.     Damages of $180,729.79 to the real and personal property located at 2454 West

700 North, Columbia City, Indiana were caused by the defective subject product.

**RESPONSE: Objection. Defendant objects to this Request because it is beyond the scope of
Federal Rule 36, invades the province of the jury, and calls for expert testimony. Further,
Defendant objects to this request in that the burden of proof in upon Plaintiffs to show
causation related to the subject incident; it is not the Defendant's burden to prove a
negative. To the extent that a response is required, deny.**

     33.     Damages of $180,729.79 to the real and personal property located at 2454 West

700 North, Columbia City, Indiana were paid by Indiana Farmers Mutual Insurance Company to,

or on behalf of, Rob Jones and Michelle Jones pursuant to the terms of an insurance policy.

**RESPONSE: Admit.**

34.    Plaintiff's Insured incurred a $1,000.00 deductible as damages as a result of this loss.

**RESPONSE: Admit.**

35.    Payments made by Indiana Farmers Mutual Insurance Company were reasonable and necessary for the damages to the property located at 2454 West 700 North, Columbia City, Indiana.

**RESPONSE: Objection. Defendant objects to this Request because it is beyond the scope of Federal Rule 36, invades the province of the jury, and calls for expert testimony.  Further, Defendant objects to this request in that the burden of proof in upon Plaintiffs to show reasonableness and necessity of the payments related to the subject incident; it is not the Defendant's burden to prove a negative.  To the extent that a response is required, deny.**

## ALTERNATIVE INTERROGATORY

For each of the above Requests for Admission which you do not admit without qualification, please state with specificity and in detail how the fact or facts which you are requested to admit are not true and state what you contend the true facts are.  Please identify by name, address, employer, telephone number and relationship to you, if any, each and every witness you contend can or will so testify, and describe each and every document which you contend tends to refute the fact or facts which you have been requested to admit.

If you give lack of information or knowledge as a reason for failing to admit or deny a Request, please describe all efforts made by you or your attorney or insurance company to obtain the necessary information to permit you to admit or deny the Request, and which you contend constitutes "reasonable inquiry" within the meaning of Rule 36 of the Indiana Rules of Trial Procedure.  Also, please state separately with respect to each of the above Requests for Admission which you contend you can neither admit or deny whether you presently know of any facts or claim to know of any person who knows of any fact which you contend will tend to

prove the matters set forth in such Request for Admission are not true.  For each Request for Admission with respect to which you claim to have such facts or know of any such person, please do the following:

    a.    State in detail all facts which you contend tend to disprove the truth of the Request for Admission;

    b.    Identify by name, address and telephone number, and relationship to you, if any, each and every person who you contend can or will testify that the Request for Admission is not true; and

    c.    Describe each and every document or item of tangible evidence which you contend will tend to prove that the Request for Admission is not true and identify by name, address and telephone number and relationship to you, if any, and its present custodian.

**ANSWER:  Defendant objects to this request as duplicative and beyond the scope outlined in the FRCP.**

Dated: 7/22/19

                        Schwarz Law Office, PC

                        By: */s/ John J. Schwarz, II*
                        John J. Schwarz, II
                        Attorneys for Defendants GREE USA INC. & MJC America, LTD.
                        Schwarz Law Office, PC
                        5825 S.  1025 E.
                        Hudson. IN 46747
                        P: 260-351-4440
                        F: 260-351-2900

CERTIFICATION OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein on July 23, 2019, via e-mail as follows:

Michelle A. Cobourn-Baurley
Michelle.A.Cobourn-Baurley@msth.com

ATTORNEYS FOR PLAINTIFF

By _/s/ John J. Schwarz, II_

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| INDIANA FARMERS MUTUAL INSURANCE COMPANY as Subrogee of Rob Jones and Michelle Jones, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:19-cv-00016-TLS-SLC |
| vs. | ) ) ) | |
| GREE USA, INC. MJC AMERICA, LTD. D/B/A SOLEUS INTERNATIONAL, INC. | ) ) ) ) ) | |
| Defendants. | | |

## GREE USA, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

## GENERAL OBJECTIONS

1.      Defendant objects to any and all Interrogatories to the extent that they seek information concerning activities, policies, practices, information, or procedures of entities or persons other than Defendant, whether a party to this action or otherwise, because such entities or persons are best able to provide Responses regarding their operations.

2.      The Responses to many of the Interrogatories can be derived or ascertained from Plaintiff's records and the burden of doing so is substantially the same for Defendant. Accordingly, Defendant will refer Plaintiff to documents where responsive information may be derived.

3.      Defendant submits these responses without conceding the necessity or materiality of the subject matter of any Interrogatory or any information provided in Response thereto, and without

prejudice to all objections to its use or to further production, or to its admissibility.

4.       Defendant objects to those Interrogatories that seek information that is neither relevant to this action nor material and necessary to the resolution of the issues in this case.

5.       Defendant objects to those Interrogatories that seek:

(a)       information that embodies or discloses confidential communications between Defendant or its employees and its attorneys;

(b)       information that represents the work product of Defendant's employees and/or attorneys or that otherwise reflects the mental impressions, conclusions, opinions, or legal theories of its attorneys or its agents; and/or

(c)       information that has been compiled in anticipation of litigation or for trial by or on behalf of Defendant, its employees, or its attorneys.

6.       Defendant objects to those Interrogatories that are duplicative, repetitive, or cumulative and as to which information may be obtained from another source that is more convenient, less burdensome, and less expensive.  Defendant further objects to the Interrogatories to the extent that they seek information not in the possession, custody, or control of Defendant, its employees, agents, and/or attorneys.

7.       Defendant objects to each Interrogatory that is improper for one or more of the following reasons: (i) it is overbroad; (ii) it is impermissibly vague and non-specific; (iii) it is couched in sweeping and all-encompassing language that is disfavored by the Courts; (iv) compliance would be unduly burdensome to Defendant, if not impossible; (v) it is not reasonably and appropriately restricted in temporal duration; (vi) it is not reasonably and appropriately restricted in scope to

relevant subject matter; (vii) it does not sufficiently identify or particularize the specific information that is being sought; (viii) it is made without an adequate, proper or legally sufficient factual predicate; (ix) it seeks evidentiary information; and (x) it is otherwise beyond the scope of disclosure.

8.      Defendant's general and specific objections shall apply both to these Interrogatories and to all later interrogatories.

9.      Defendant objects to each Interrogatory that attempts to impose upon Defendant any obligations beyond those established by the Federal Rules of Civil Procedure or by case law.

10.      The Responses are based on such information as is reasonably available to Defendant and/or its representatives, and susceptible to retrieval through reasonable efforts, except to the extent such information is privileged or otherwise undiscoverable under the rules and case law pertaining to this matter. Defendant expressly reserves their right to amend, revise, clarify, or supplement its Responses.

11.      Defendant objects to each Interrogatory that attempts to impose upon Defendant any obligations beyond those established by Indiana law.

12.      These General Objections shall be deemed to be continuing throughout the Answers herein, even where not specifically stated.

## Interrogatories

1.      Identify by name, business address, occupation, and job title the person who answered these interrogatories and all persons who assisted in the preparation of these answers or who has provided information included in the answers to these interrogatories.

3

**ANSWER: Jeffrey Murphy, Esq., One Battery Park Plaza, 28th Floor, New York, NY 10004, Attorney, Gordon Rees Scully Mansukhani LLP.**

2.      Does the caption of this lawsuit correctly identify this defendant's legal name today and on the date of the incident which forms the basis for the Complaint? If not, please state this defendant's correct legal name today and on the date of the incident.

**ANSWER: Yes.**

3.      Identify the name, last known address and telephone number of every person who possesses, or claims to possess, knowledge concerning, relating, regarding or pertaining to any aspect of the incident, the damages incurred by the Plaintiff, the allegations in the Complaint filed in this cause, the allegations in the Answer and/or Affirmative Defenses filed in this cause, or any other discoverable matter. Also, for each person identified, please summarize the facts known to you that each person knows or claims to know about the incident.

**ANSWER: Objection.  To the extent that this interrogatory calls for expert disclosures, such disclosures will be provided pursuant to the Federal Rules of Civil Procedure. Discovery is ongoing and investigation continues.  This answer will be supplemented at the conclusion of discovery.**

4.      Describe in particularity what investigations were performed by Gree, USA, Inc. or any insurance carrier or claim handler on behalf of Gree, USA, Inc., into the subject claim on the subject dehumidifier including, but not limited to, inspections, experimental studies, reports to the Consumer Products Safety Commission or testing. In doing so, identify the person who conducted each investigation, describe each investigation, and describe all conclusions reached as a result of each investigation.

**ANSWER:  Objection.  To the extent that this interrogatory calls for expert disclosures, such disclosures will be provided pursuant to the Federal Rules of Civil Procedure.  To the extent that a response is required, Gree USA, Inc. states the following:**

Gree USA, Inc. was not given notice of the fire, until after the fire scene was cleared, and thus were unable to inspect the fire scene.

Gree USA, Inc. did participate in joint lab examination of the subject dehumidifier remains. Gree USA, Inc. retained electrical engineering expert Scott Russ of EFI Global to participate in the examination. He observed and photographed the subject dehumidifier remains.

Plaintiff has provided Gree USA, Inc. with materials regarding the claimed damages. Those materials are being reviewed by an adjuster, Steve Weitz, at David Morse and Associates. His conclusions will be provided under separate cover.

5. Did Gree USA, Inc. manufacture the subject dehumidifier? If so, please state:

    a. The date it was manufactured;

    b. The place it was manufactured;

    c. If this Defendant did not manufacture the subject dehumidifier, please state the name and address of the manufacturer and this Defendant's relationship to the manufacturer.

ANSWER: Objection. Gree USA, Inc. does not manufacture dehumidifiers. This interrogatory is a compound question and is inappropriate as propagated.

6. With respect to the model of the product at issue in this lawsuit:

    a. How many were manufactured;

    b. How many were sold in the United States;

    c. What is the cost of manufacture of each; and

    d. What is the profit margin for each?

ANSWER: Objection. Gree USA, Inc. does not manufacture dehumidifiers. The information requested in this interrogatory is not relevant to the issues in this case, and is not important to determining the issues in this case. This information is not proportional to the needs of this case, a subrogation action involving a fire in a single home allegedly caused by a single dehumidifier.

7. Please describe the purpose for which the subject dehumidifier was designed and sold and how it was intended to be used.

ANSWER: Objection. Gree USA, Inc. does not design dehumidifiers. Please see the user's manual for the alleged model dehumidifier, attached hereto at JONES 000001.

8. Please list all warranties provided with the purchase of the subject dehumidifier.

**ANSWER: Without admitting that the dehumidifier is the model claimed by Plaintiff, please see the user's manual for the alleged model dehumidifier, attached hereto at JONES 000001**

9.  Do you believe that any person or entity not named as a party in this lawsuit is wholly or partially at fault or negligent in causing the incident and/or the damages incurred by the Plaintiff? If your response is in the affirmative, then please state the name and last known address of all persons or entities not named as a party in this lawsuit who you believe to be at fault or negligent all the facts that support your contention, the name, last known address and telephone of every person who possesses, or claims to possess, knowledge in support of, or relating to, your contention, the identity of every document or thing which supports or relates to your contention, and the full cite to every ordinance, statute, administrative regulation or other law which supports your contention.

**ANSWER: Objection.  Discovery is ongoing and investigation continues. This answer may be supplemented.  This contention interrogatory which, at this point in the discovery process, would be inappropriate for Defendant to give a full recitation of their possible defenses.  To the extent that a response is required, and without waving any rights, Gree states: none at this time.**

10.  Do you contend that Plaintiff's insured was at fault or negligent in causing, or contributing in causing, the incident, or damages incurred by Plaintiff? If your response is in the affirmative, then please state the facts supporting your contention, the name, last known address and telephone of every person who possesses, or claims to possess, knowledge in support of, or relating to, your contention, the identity of every document or thing which supports or relates to your contention, and the citation to each statute, ordinance, or administrative regulation that you contend Plaintiff's insured violated which supports your contention.

**ANSWER: Objection.  Discovery is ongoing and investigation continues. This answer may be supplemented.  This contention interrogatory which, at this point in the discovery process, would be inappropriate for Defendant to give a full recitation of their possible defenses.  To the extent that a response is required, and without waving any rights, Gree**

6

states: Yes.  After consultation with Gree's retained electrical engineering expert, Scott
Russ, there is some evidence of misuse on the part of the Plaintiff's insured based upon the
location of the placement of the subject dehumidifier.  This theory is being explored, and
Gree reserves its rights following further investigation.

11.  What do you contend to have been all proximate causes of the incident at issue in

this lawsuit?

**ANSWER: Objection.  Discovery is ongoing and investigation continues.  This contention
interrogatory which, at this point in the discovery process, would be inappropriate for
Defendant to give a full recitation of their possible defenses and theories in this case. This
answer will be supplemented at the conclusion of discovery.**

12.  Please describe with particularity all conversations or other communications between

any representative of Gree USA, Inc., including any insurance adjustors, and Plaintiff's insured

related to the subject dehumidifier, whether before or after the incident noted in the Complaint?

If your response is in the affirmative, with respect to each conversation, please state what was

said by the Plaintiff's insured, what you said, the date of each conversation, the location of the

conversation, the name, last known address and telephone number of all persons present during

any portion of the conversation, and the identity of each and every document or thing which

reflects the content or substance of the conversation.

**ANSWER: No communications are known at this time. Discovery is ongoing and
investigation continues.  This answer will be supplemented at the conclusion of discovery.**

13.      Please list all reports and/or complaints of overheating, smoke and/or fire damage

in the last ten (10) years in any dehumidifier manufactured or distributed by Gree USA, Inc.

Include in your response the date of the overheating, smoke and/or fire damage, date reported to

defendant, circumstances of the overheating, smoke and/or fire damage, the model and serial

number of each dehumidifier involved, any insurance carriers involved, any person who

participated in an inspection of each dehumidifier or parts of the dehumidifier, any lawsuits that

were filed and the attorneys representing each party, any payments made by defendant for

settlement or judgment.

**ANSWER: Objection. This is a compound interrogatory and is inappropriate in its present state. Additionally, the scope of this interrogatory is not proportional to the needs of the case. This interrogatory requests information about every Gree dehumidifier distributed in the last ten years. There are over 50 different models of dehumidifiers distributed by Gree USA. To provide information regarding each of those models would be overly burdensome and would not be important to the issues presented in this case. Furthermore, the information requested includes information about other claims that are unrelated to this case, which would be wholly inappropriate for this subrogation matter involving a single dehumidifier allegedly causing a single fire.**

14.     Please list all incidences known to you of the type that led to any advisory

communication or Recall pertaining to all dehumidifiers manufactured or distributed by Gree

USA, Inc. since January 1, 2006, regardless of whether the incident resulted in damage to a

consumer's personal property or caused bodily injury.

**ANSWER: Objection. This is a compound interrogatory and is inappropriate in its present state. Additionally, the scope of this interrogatory is not proportional to the needs of the case. This interrogatory requests information about every Gree dehumidifier distributed in the last ten years. There are over 50 different models of dehumidifiers distributed by Gree USA. To provide information regarding each of those models would be overly burdensome and would not be important to the issues presented in this case. Furthermore, the information requested includes information about other claims that are unrelated to this case, which would be wholly inappropriate for this subrogation matter involving a single dehumidifier allegedly causing a single fire. To the extent that a response is required, see attached recall notices at JONES 000009.**

15.     Does this defendant have any knowledge of, or has this Defendant participated in,

any recall for dehumidifiers manufactured or distributed by Gree USA, Inc.? If so, state:

a.     The exact date of the announcement or beginning of the recall campaign or operation;

b.     The potential or real defect sought to be checked and/or corrected as a result of any such campaign or operation;

c.     The types or model of products involved in the campaign or operation;

      d.      The number of products of each type referred to in subsection (c) sought to be examined and/or corrected; and

      e.      The action taken to examine and/or correct any potential or real defects.

**ANSWER: Objection. This is a compound interrogatory and is inappropriate in its present state. Additionally, the scope of this interrogatory is not proportional to the needs of the case. This interrogatory requests information about every Gree dehumidifier distributed in the last ten years. There are over 50 different models of dehumidifiers distributed by Gree USA. To provide information regarding each of those models would be overly burdensome and would not be important to the issues presented in this case. Furthermore, the information requested includes information about other claims that are unrelated to this case, which would be wholly inappropriate for this subrogation matter involving a single dehumidifier allegedly causing a single fire. To the extent that a response is required, see attached recall notices at JONES 000009. Upon the entry of a protective order, communications with CPSC (JONES 000032-002765), reports of independent and internal testing (JONES 002766-003057) and documents pertaining to the recall (JONES 003058-003071) will be produced.**

16.      What standards do you acknowledge as generally accepted industry standards applicable to the product involved in this incident?

**ANSWER: Objection. The scope of this interrogatory is not proportional to the needs of the case and is not relevant to this subrogation matter. Upon the entry of a protective order, reports of independent and internal testing (JONES 002766-003057) will be produced.**

      17.      Identify all codes, standards, regulations and specifications approved by any agency of the United States of America or the State of Indiana which you contend are applicable to the subject dehumidifier.

**ANSWER: Objection. The scope of this interrogatory is not proportional to the needs of the case and is not relevant to this subrogation matter. Upon the entry of a protective order, reports of independent and internal testing (JONES 002766-003057) will be produced.**

      18.      Has this defendant ever been cited, criticized, or reprimanded for any defect in the product at issue in this lawsuit? If so, detail each and every such citation, criticism, reprimand, or recall and the name and address of the person who has custody of any records relating to the

same. This includes, but is not limited to, any consumer review, consumer advocate, or consumer protection entity.

**ANSWER: Objection. This is a compound interrogatory and is inappropriate in its present state. Additionally, the scope of this interrogatory is not proportional to the needs of the case. This interrogatory requests information about every Gree dehumidifier distributed in the last ten years. There are over 50 different models of dehumidifiers distributed by Gree USA. To provide information regarding each of those models would be overly burdensome and would not be important to the issues presented in this case. Furthermore, the information requested includes information about other claims that are unrelated to this case, which would be wholly inappropriate for this subrogation matter involving a single dehumidifier allegedly causing a single fire. Please see recall notices attached at (JONES 000009-31). Upon the entry of a protective order, communications with CPSC (JONES 000032-002765), reports of independent and internal testing (JONES 002766-003057) documents pertaining to the recall (JONES 003058-003071) and consumer complaints (JONES 003076-3078) will be produced.**

19.    Identify any and all brands/makes and models of dehumidifiers manufactured or distributed by Gree USA, Inc. that utilize the same or similar design and/or common components of the subject dehumidifier.

**ANSWER: Objection. This is a compound interrogatory and is inappropriate in its present state. Additionally, the scope of this interrogatory is not proportional to the needs of the case. There are over 50 different models of dehumidifiers distributed by Gree USA. To provide information regarding each of those models would be overly burdensome and would not be important to the issues presented in this case. Furthermore, the information requested includes information about other claims that are unrelated to this case, which would be wholly inappropriate for this subrogation matter involving a single dehumidifier allegedly causing a single fire.**

20.    Has Gree USA, Inc. been a defendant in any personal injury or product liability litigation that involved claims of overheating, fire or smoke damage from a dehumidifier manufactured or distributed by Gree USA, Inc.? If your answer is in the affirmative, for each such suit state:

a.    The names of the parties to the suit;

b.    The state, city and court or forum in which said suit was filed;

c.    The date of filing of said suit;

d.    The cause number assigned to said suit;

e.    The attorneys for each side;

f.    The names of each consulting expert witness and expert witness used by each party; and

g.    The status of said suit, whether pending, dismissed, settled, or tried to a bench or jury.

**ANSWER: Objection.  This is a compound interrogatory and is inappropriate in its present state.  Additionally, the scope of this interrogatory is not proportional to the needs of the case.  There are over 50 different models of dehumidifiers distributed by Gree USA. To provide information regarding each of those models would be overly burdensome and would not be important to the issues presented in this case. Furthermore, the information requested includes information about other claims that are unrelated to this case, which would be wholly inappropriate for this subrogation matter involving a single dehumidifier allegedly causing a single fire.**

21.    Is this defendant aware of any testing of the product at issue in this lawsuit? If so, describe the place, time, and method of such testing, whether the testing occurred as a result of the incident at issue in this lawsuit or as a result of a recall or other litigation naming Gree USA, Inc. as a party, and state whether any data, report, or other document related to such testing exists, and who possesses such data, report, or document, and state the results of such testing.

**ANSWER: Objection. The scope of this interrogatory is not proportional to the needs of the case and is not relevant to this subrogation matter.  Upon the entry of a protective order, reports of independent and internal testing (JONES 002766-003057) will be produced.**

22.    Identify all studies performed prior to the occurrence in question concerning the projected injuries, fatalities or property losses to be anticipated from use of the product at issue in this lawsuit. This includes, but is not limited to, any safety or reliability reviews for the subject product and for any product which has the same or similar design and/or common components of the subject dehumidifier.

**ANSWER: Objection. The scope of this interrogatory is not proportional to the needs of the case and is not relevant to this subrogation matter. Upon the entry of a protective order, reports of independent and internal testing (JONES 002766-003057) will be produced.**

23.     State the name and last known address of each and every non-expert witness you intend to call on your behalf at the trial of this cause of action and the nature and substance of each person's expected testimony.

**ANSWER:  None at this time. Discovery is ongoing and investigation continues.  This answer will be supplemented at the conclusion of discovery.**

24.     State the name, address, and present occupation of each expert, including in-house experts, whom you have employed, retained or otherwise consulted in connection with this action, but who is not expected to testify at trial.

**ANSWER: None at this time. Discovery is ongoing and investigation continues.  This answer will be supplemented at the conclusion of discovery.**

25.     For each expert witness you expect to call at trial, including in-house experts, state:

a.     The expert's name, address and occupation;

b.     The subject matter on which the expert is expected to testify;

c.     The substance of facts to which the expert is expected to testify;

d.     The opinions to which the expert is expected to testify; and

e.     State in detail a summary of the grounds for each opinion to which the expert is expected to testify.

**ANSWER: Objection.  To the extent that this interrogatory calls for expert disclosures, such disclosures will be provided pursuant to the Federal Rules of Civil Procedure.  To the extent that a response is required, Gree states the following:**

**1. Electrical Engineering Expert**
        **a. Scott Russ, 4700 Northwest Parkway Suite 230, Hilliard, Ohio 43026, Forensic Electrical Engineer**
        **b. Joint Lab Examination of the subject dehumidifier.**

c. Mr. Russ will testify regarding his observations at the joint lab examination.
d. Mr. Russ will testify regarding the cause of the dehumidifier failure and any comparative fault of the Plaintiff's insured.
e. Mr. Russ' report will be provided under separate cover, pursuant to the FRCP.

2. Damages Adjuster
a. Steve Weitz, P.O. Box 26004, Glendale, CA 91222, Damages Adjuster at David Morse and Associates.
b. Analysis of Plaintiff's claimed damages.
c. Mr. Weitz will testify regarding his analysis of the damages supports provided by Plaintiff.
d. Mr. Weitz will testify regarding the reasonableness of the Plaintiff's claimed damages.
e. Mr. Weitz' report will be provided under separate cover, pursuant to the FRCP.

Dated: 7/23/19

Schwarz Law Office, PC

By: /s/ John J. Schwarz, II
John J. Schwarz, II
Attorneys for Defendants GREE USA INC. & MJC America, LTD.
Schwarz Law Office, PC
5825 S.  1025 E.
Hudson. IN 46747
P: 260-351-4440
F: 260-351-2900

CERTIFICATION OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein on July 23, 2019, via e-mail as follows:

Michelle A. Cobourn-Baurley
Michelle.A.Cobourn-Baurley@msth.com

ATTORNEYS FOR PLAINTIFF

By*/s/ John J. Schwarz, II*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| INDIANA FARMERS MUTUAL | ) | |
| INSURANCE COMPANY as Subrogee | ) | |
| of Rob Jones and Michelle Jones, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19-cv-00016-TLS-SLC |
| | ) | |
| vs. | ) | |
| | ) | |
| GREE USA, INC. | ) | |
| MJC AMERICA, LTD. D/B/A SOLEUS | ) | |
| INTERNATIONAL, INC. | ) | |
| | ) | |

Defendants.

**MJC AMERICA, LTD. D/B/A SOLEUS INTERNATIONAL, INC.'s RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS OR THINGS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant MJC AMERICA, LTD. D/B/A SOLEUS INTERNATIONAL, INC., by and through its attorneys, responds to Plaintiff's First Request for Production of Documents or Things as follows:

Defendant repeats and reasserts the objections contained in MJC America, Ltd. d/b/a Soleus International, Inc.'s Response to Plaintiff's First Set of Interrogatories.

**Responses to Plaintiff's Requests**

1.      Copies of each of the documents, forms or correspondence identified in response to any Interrogatories served upon you in this matter.

**RESPONSE:  See attached at JONES 000001-000031. Upon entry of a protective order, JONES 000031-003078 will be provided.**

2.      All documents produced in connection with the manufacture, distribution, sale, lease, and/or placing the subject dehumidifier in the stream of commerce. Such documents include, but

are not limited to purchase orders, shipping orders, bills of lading, distribution and sales

contracts and warranties.

**RESPONSE:  Defendant objects to Plaintiffs' definition of the "Subject Dehumidifier" as Plaintiffs' have provided no proof of purchase and have otherwise not established a the "Subject Dehumidifier" is the model defined by that term.  As such, this request is impossible to comply with.**

3.    All documents dealing with or in any way related to the design and manufacture of the

subject dehumidifier. Such documents include, but are not limited to plans, drawings,

specifications, schematics, testing, quality control, and internal company communications

regarding manufacture and design of the subject dehumidifier.

**RESPONSE:  Objection. MJC America, Ltd. d/b/a Soleus International, Inc. does not manufacture or design dehumidifiers and therefore this request is inappropriate for this party.**

4.    All documents relating to inspection of the subject dehumidifier, and any of its component

parts prior to purchase by the consumer.

**RESPONSE:  Objection. MJC America, Ltd. d/b/a Soleus International, Inc. does not manufacture or design dehumidifiers and therefore this request is inappropriate for this party.**

5.    All exhibits that you intend to use or may use at the trial of this matter.

**RESPONSE: None at this time. Discovery is ongoing and investigation continues.  To the extent that this request includes expert materials, such materials will be provided pursuant to the Federal Rules of Civil Procedure.  This answer will be supplemented at the conclusion of discovery.**

6.    Any statement of the Plaintiff, Plaintiff's insured, or any individual identified in your

answers to interrogatories, including but not limited to, any written statement whether signed or

unsigned, stenographic statement, mechanically or electronically recorded statement, or any

other recorded statement, and a transcript of said statement pertaining or relating to any matter in

this lawsuit.

**RESPONSE: None at this time. Discovery is ongoing and investigation continues. This answer will be supplemented at the conclusion of discovery.**

7.  Any statement of any Defendant or representative of any Defendant in this cause, including

but not limited to, any written statement whether signed or unsigned, stenographic statement,

mechanically or electronically recorded statement, or any other recorded statement, and a

transcript of said statement pertaining or relating to any matter in this lawsuit.

**RESPONSE: None at this time. Discovery is ongoing and investigation continues. This answer will be supplemented at the conclusion of discovery.**

8.  All reports, notes, memoranda, photos or any other documents relating to the subject loss and

inspection of the subject product.

**RESPONSE: None at this time.  To the extent this request seeks expert materials, such materials will be provided under separate cover pursuant to the FRCP. Discovery is ongoing and investigation continues.  This answer will be supplemented at the conclusion of discovery.**

9.  All documents related to the sale, service, or maintenance of the subject dehumidifier.

**RESPONSE:  Objection.  Plaintiff has not provided any indication of proof of purchase and therefore this request cannot be fulfilled.  Please see owner's manual for the alleged model dehumidifier, attach hereto at JONES 000001-000008.**

10.  All documents describing or related to the process involved in the manufacture of

dehumidifiers with the same or similar design and/or common components of the subject

dehumidifier.

**RESPONSE: Objection. MJC America, Ltd. d/b/a Soleus International, Inc. does not manufacture or design dehumidifiers.  This request is seeking information regarding models and makes of dehumidifiers that are different than the subject dehumidifier.  As such, this request is not proportional to the needs of this case, a single subrogation action involving a single fire and a single dehumidifier.  Requests involving other dehumidifiers is inappropriate and beyond the scope of this matter.**

11.  All documents related to any investigations that were performed by or on behalf of MJC

America, Ltd. d/b/a Soleus International, Inc. into any report, claim, or complaint, including

experimental studies, reports to the Consumer Product Safety Commission, testing, and safety

inspections or any other investigation, external or internal, into dehumidifiers manufactured or

distributed by MJC America, Ltd. d/b/a Soleus International, Inc.

**RESPONSE:  Objection. MJC America, Ltd. d/b/a Soleus International, Inc. does not manufacture or design dehumidifiers.  Please see recall notices attached at JONES 000009-000031.  Upon the entry of a protective order, communications with CPSC (JONES 000032-002765), reports of independent and internal testing (JONES 002766-003057) documents pertaining to the recall (JONES 003058-003071) and consumer complaints (JONES 003076-3078) will be produced.**

12.     Any and all memoranda, complaints, reports or other documents that concern, refer or

relate to any other incidents involving overheating, smoke or fire damage caused by

dehumidifiers manufactured or distributed by MJC America, Ltd. d/b/a Soleus International, Inc.

This includes, but is not limited to:

a.     The identification of all claims, including cases in litigation, involving overheating, smoke or fire damage allegedly caused by dehumidifiers manufactured or distributed by MJC America, Ltd. d/b/a Soleus International, Inc., along with the production of all documents that concern, refer or relate to these claims and cases; and

b.     All incidents, without restriction to MJC America, Ltd. d/b/a Soleus International, Inc., involving warranty claims;

c.     All Consumer Product Safety Commission reports, notes, memoranda, photos, and correspondence.

d.     Any and all consulting expert reports, expert reports, correspondence, memoranda, and/or deposition transcripts relating to any expert retained by MJC America, Ltd. d/b/a Soleus International, Inc., in any case where similar allegations to those in this case were made.

**RESPONSE:  Objection.  This is a compound interrogatory and is inappropriate in its present state.  Additionally, the scope of this interrogatory is not proportional to the needs of the case.  This interrogatory requests information about every MJC America, Ltd. d/b/a Soleus International, Inc. dehumidifier ever distributed. There are over 50 different models of dehumidifiers distributed by MJC America, Ltd. d/b/a Soleus International, Inc.  To provide information regarding each of those models would be overly burdensome and would not be important to the issues presented in this case. Furthermore, the information requested includes information about other claims that are unrelated to this case, which would be wholly inappropriate for this subrogation matter involving a single dehumidifier allegedly causing a single fire.  Please see recall notices attached at JONES 000009-000031.**

**Upon the entry of a protective order, communications with CPSC (JONES 000032-002765), reports of independent and internal testing (JONES 002766-003057) documents pertaining to the recall (JONES 003058-003071) and consumer complaints (JONES 003076-3078) will be produced.**

13.  Any and all documents or things given to or received from Plaintiff regarding, referring or

pertaining to the incident or the Plaintiff's damages, which have not been previously given by

you to, or were not received from, the Plaintiff's counsel appearing in this cause.

**RESPONSE: Objection. This request is confusing and in its present state cannot be answered.  To the extent that a response is required: None.**

14.  Any and all documents or things you have given to or received from any person who will, or

may reasonably be anticipated to, be a witness at the trial of this case who will or may testify as

to the incident, the Plaintiff's damages or any of your affirmative defenses.

**RESPONSE: Objection. To the extent that this requests expert discovery, such materials will be provided under separate cover pursuant to the FRCP.  To the extent that this request seeks privileged material, such material is not discoverable and will not be provided.**

15.  Copies of all photographs, drawings, diagrams, slides, video tapes, films or other forms of

pictorial representation of parties, places, or objects relevant to this litigation.

**RESPONSE: Objection.  This request is reasonably tailored and is beyond the scope of discovery.  This request is not proportional to the needs of the case, as it is boundless in it its scope.  To the extent that this requests expert discovery, such materials will be provided under separate cover pursuant to the FRCP.  Otherwise, there are no responsive materials in Defendant's possession.  Discovery is ongoing and investigation continues.  This response may be supplemented.**

16.  All blueprints, reports, records, memoranda or other documents that evidence, set forth,

or otherwise relate to the design and manufacture of the subject dehumidifier.

**RESPONSE:  MJC America, Ltd. d/b/a Soleus International, Inc. does not design or manufacture dehumidifiers.**

17.  All warranties, guarantees or other representation in printed form relating to the product.

**RESPONSE: Please see attached user's manual for the alleged model dehumidifier at JONES 000001-000008.**

18.     Any testing and results of that testing which relate to dehumidifiers manufactured or

distributed by Defendant, MJC America, Ltd. d/b/a Soleus International, Inc.

**RESPONSE:  Objection. MJC America, Ltd. d/b/a Soleus International, Inc. does not manufacture dehumidifiers.  This requests seeks materials and information regarding every single dehumidifier distributed by MJC America, Ltd. d/b/a Soleus International, Inc.  MJC America, Ltd. d/b/a Soleus International, Inc. distributes over 50 model dehumidifiers.  To provided such extensive discovery would be overly burdensome and would not be proportional to the needs of this case.  In addition, testing and results of all of the dehumidifiers distributed by MJC America, Ltd. d/b/a Soleus International, Inc. would not be important to the issues in this case.  This is a single subrogation action, relating to a single fire.  This request is grossly disproportionate to the size of this claim, and thus should be denied. Upon the entry of a protective order, reports of independent and internal testing (JONES 002766-003057) will be produced.**

19.     All Quality Control Standards relating to dehumidifiers manufactured or distributed by

MJC America, Ltd. d/b/a Soleus International, Inc.

**RESPONSE: Objection. MJC America, Ltd. d/b/a Soleus International, Inc. does not manufacture dehumidifiers.  This requests seeks materials and information regarding every single dehumidifier distributed by MJC America, Ltd. d/b/a Soleus International, Inc.  MJC America, Ltd. d/b/a Soleus International, Inc. distributes over 50 model dehumidifiers.  To provided such extensive discovery would be overly burdensome and would not be proportional to the needs of this case.  In addition, Quality and Control Standards of all of the dehumidifiers distributed by MJC America, Ltd. d/b/a Soleus International, Inc. would not be important to the issues in this case.  This is a single subrogation action, relating to a single fire.  This request is grossly disproportionate to the size of this claim, and thus should be denied. Upon the entry of a protective order, reports of independent and internal testing (JONES 002766-003057) will be produced.**

20.     All advertisements relating to dehumidifiers manufactured or distributed by MJC

America, Ltd. d/b/a Soleus International, Inc.

**RESPONSE:  Objection. MJC America, Ltd. d/b/a Soleus International, Inc. does not manufacture dehumidifiers.  This requests seeks materials and information regarding every single dehumidifier distributed by MJC America, Ltd. d/b/a Soleus International, Inc.  MJC America, Ltd. d/b/a Soleus International, Inc. distributes over 50 model dehumidifiers.  To provided such extensive discovery would be overly burdensome and would not be proportional to the needs of this case.  In addition, advertising for all of the**

dehumidifiers distributed by MJC America, Ltd. d/b/a Soleus International, Inc. would not be important to the issues in this case. This is a single subrogation action, relating to a single fire. This request is grossly disproportionate to the size of this claim, and thus should be denied.

21.     Any owner's manual, service or maintenance manual, instruction, warning and training

material for the subject dehumidifier.

**RESPONSE: See attached user's manual for the alleged model dehumidifier at JONES 000001-8.**

22.     All marketing studies relevant to dehumidifiers manufactured or distributed by MJC

America, Ltd. d/b/a Soleus International, Inc.

**RESPONSE: Objection. MJC America, Ltd. d/b/a Soleus International, Inc. does not manufacture dehumidifiers. This requests seeks materials and information regarding every single dehumidifier distributed by MJC America, Ltd. d/b/a Soleus International, Inc. MJC America, Ltd. d/b/a Soleus International, Inc. distributes over 50 model dehumidifiers. To provided such extensive discovery would be overly burdensome and would not be proportional to the needs of this case. In addition, marketing studies for all of the dehumidifiers distributed by MJC America, Ltd. d/b/a Soleus International, Inc. would not be important to the issues in this case. This is a single subrogation action, relating to a single fire. This request is grossly disproportionate to the size of this claim, and thus should be denied.**

23.     All memoranda, complaints, report or other document concerning problems experienced

with dehumidifiers manufactured or distributed by MJC America, Ltd. d/b/a Soleus International,

Inc., attempts by Defendant to identify alleged problems with the product or efforts by Defendant

to solve problems with the product, including but not limited to meetings, telephone calls or

other correspondence. This request includes, but is not limited to, those products with the same

or similar design and/or common components of the subject dehumidifier.

**RESPONSE: Objection. This is a subrogation action in which an insurance company is seeking proceeds it paid out as a result of a fire allegedly caused by single, as yet unidentified, dehumidifier. To provide information for over 50 dehumidifier models, which are not the subject dehumidifier, is not proportional to the needs of the case, and is a great and unnecessary burden that would not lead to information important to the issues of the case. Please see recall notices attached at JONES 000009-31. Upon the entry of a**

**protective order, communications with CPSC (JONES 000032-002765), reports of independent and internal testing (JONES 002766-003057) documents pertaining to the recall (JONES 003058-003071) and consumer complaints (JONES 003076-3078) will be produced.**

24. All of the documents created prior to the filing of this lawsuit comprising the investigation and/or claim file, of every insurance company that will or may provide coverage to you on Plaintiff's claim, regarding the claim made by the Plaintiff, or any other person, as a result of the incident. If investigation conducted within your company, provide the in-house claim investigative file. Include in your response, but do not limit it to:

    a.    adjustor's notes and memoranda (with any portion containing reserve information and adjustor's direct opinions as to liability redacted);

    b.    all internal and/or external memos and/or correspondence (with any portion containing reserve information and adjustor's direct opinions as to liability redacted);

    c.    all property damage estimates, repair vouchers and/or checks;

    d.    all statements (regardless whether oral, written, typed or transcribed) and statement summaries (other than of you);

    e.    all incident or loss reports (with any portion containing reserve information and adjustor's direct opinions as to liability redacted);

    f.    subrogation or reimbursement payments and/or notices;

    g.    all file folders including all notations thereon (with any portion containing reserve information and adjustor's direct opinions as to liability redacted); and,

    h.    all reports, photographs, investigative materials, and/or diagrams.

**RESPONSE: Objection. This is a compound interrogatory and is inappropriate in its present state. Additionally, the scope of this interrogatory is not proportional to the needs of the case. To the extent that a response is required, there are no documents at this time. Discovery is ongoing, and this response maybe supplemented through the close of discovery.**

25. Curriculum vitae and all reports (including but not limited to rough draft, preliminary, supplemental, and final reports) prepared by any expert expected to testify on behalf of the Defendant at the trial of this matter.

**RESPONSE: To the extent that this requests expert discovery, such materials will be provided under separate cover pursuant to the FRCP.**